IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:22-cv-329 |
| v. | ) ) ) | COMPLAINT |
| KENNETH O. LESTER COMPANY, INC. d/b/a PFG CUSTOMIZED DISTRIBUTION – INDIANA | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to secure appropriate relief for Shakeitra Webb and a class of other female job applicants and employees who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Kenneth O. Lester Company, Inc. d/b/a PFG Customized Distribution – Indiana has engaged, and continues to engage, in a pattern or practice of discrimination in hiring and job assignments because of sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1)

and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3) & 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3) & 2000e-6.

4. At all relevant times, Defendant, Kenneth O. Lester Company, Inc. d/b/a PFG Customized Distribution – Indiana, a Tennessee corporation doing business in the state of Indiana and city of Kendallville, has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) & (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit Charging Party Shakeitra Webb (the "Charging Party" or "Webb") filed a charge of discrimination with the Commission alleging that Defendant violated Title VII.

8. On April 14, 2022, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. From April to July 2022, the Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the administrative Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 2, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least February 2018, Defendant has engaged in unlawful employment practices at its Kendallville, Indiana facility in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) & (a)(2).

### Count I: Pattern or Practice of Sex Discrimination in Hiring

14. Since at least February 2018, Defendant has subjected a class of aggrieved female applicants for order-selector positions to an ongoing pattern or practice of discriminatory failure to hire because of their sex, female, in violation of Title VII.

15. Since at least February 2018, and continuing to present, Defendant's hiring officials, other management and supervisory employees, human resources personnel and recruiters have stated expressly sex-based criteria for the order-selector position, including

making statements on multiple occasions to female applicants words to the effect that Defendant prefers to hire men as order selectors.

16. In June and August 2018, Charging Party Shakeitra Webb ("Webb"), applied for an order-selector position at Defendant's Kendallville, Indiana warehouse.

17. In August 2018, Andrew Brockelman ("Brockelman"), a former recruiter for Defendant, scheduled Ms. Webb for an in-person interview for an order-selector position at Defendant's Kendallville, Indiana warehouse.

18. Ms. Webb was aware of the physical requirements of the order-selector position and had performed similar work for previous employers.

19. While at Defendant's Kendallville, Indiana warehouse for interview, Ms. Webb met with Myrie Zimmerman ("Zimmerman"), Defendant's Human Resources Coordinator from at least November 2016 until at least June 2021.

20. Ms. Zimmerman tried to dissuade Ms. Webb from the order selector position by telling her, "I am just going to be honest. You're probably not going to make it. I have guys that quit after a week."

21. Ms. Webb also met with hiring official Eric Hite ("Hite), Defendant's Warehouse Manager from at least November 2016 until present.

22. Mr. Hite tried to dissuade Ms. Webb from the order selector position by telling her, "I am going to be honest with you, it's really hard, heavy lifting work here. We don't really have women doing this job."

23. Mr. Hite told Ms. Webb that a position in the small-wares section of the warehouse was "more favorable to women" but there were no openings in small wares at the time.

24. Mr. Hite offered Ms. Webb a sanitation position that she did not apply for and which paid less than the order selecting position she applied for.

25. Ms. Webb rejected the lower-paying sanitation job because she was interested in an order-selector position.

26. After speaking with Ms. Zimmerman and Mr. Hite, Ms. Webb contacted Mr. Brockelman and complained that Defendant did not hire her as an order selector because Defendant was only looking to hire males as order selectors.

27. Mr. Brockleman told the Commission that multiple female candidates he screened for the order-selector job in Kendallville, Indiana followed up with him after their interviews and complained that hiring officials attempted to dissuade them from the order-selector position and would not consider them for the job because they did not believe females could perform the job.

28. Terri Mosby applied to be an order selector in August 2018. During her interview at Defendant's Kendallville, Indiana warehouse, a male hiring official told her, "I am just going to be straight and honest with you, it's a young man's game. I don't think you can do it." He offered her a quality-control job paying less than the order-selector position she applied for.

29. Ashley Mosby applied to be an order selector in 2018. A male recruiter told her words to the effect that Defendant typically fills the job with men.

30. Defendant has hired female workers into order-selector positions at statistically significant lower rates relative to male workers.

31. The effect of the unlawful employment practices identified in Paragraphs 14-30, above, has been to deprive Ms. Webb, and a class of female job applicants to employment opportunities and otherwise adversely affect their status as job applicants because of their sex, female.

32. The unlawful employment practices complained of in Paragraphs 14-30, above, were and are intentional.

33. The unlawful employment practices complained of in Paragraphs 14-30, above, were and are done with malice or with reckless indifference to the federally protected rights of Ms. Webb, and a class of female job applicants.

**Count II: Pattern or Practice of Sex Discrimination
in Work Assignments**

34. Since at least February 2018, Defendant has subjected a class of aggrieved female employees to an ongoing pattern or practice of discriminatory assignment of work duties, namely, assignment of female workers to the small-wares section of the warehouse because of their sex, female, in violation of Title VII.

35. Defendant's Kendallville, Indiana warehouse is divided into three departments: dry goods (including the small-wares section), cooler, and freezer. The small-wares section is typically staffed with no more than three order selectors. Working in the small-wares section of the dry-goods department warrants less pay because small-wares order selectors only pull product from two aisles.

36. Shaquana Reece ("Reece") applied to be an order selector in October 2018. Ms. Zimmerman told her no females worked in dry goods or the freezer and, "We have grown men in really good physical shape quit. We don't think you can do it." Ms. Reece left the warehouse feeling that she had been rejected for an order-selecting job because she was female. A few days later, she received a call offering her a job in the small-wares section, which she accepted. Male employees would come by the small-wares section while Ms. Reece worked and comment that small wares was "women's work" and "easy, female work."

37. The effect of the unlawful employment practices identified in Paragraphs 34-36, above, has been to deprive a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

38. The unlawful employment practices complained of in Paragraphs 34-36, above, were and are intentional.

39. The unlawful employment practices complained of in Paragraphs 34-36, above, were and are done with malice or with reckless indifference to the federally protected rights of a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, including sex-discriminatory refusal to hire, job assignment or work-duty assignment.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Webb by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

D. Order Defendant to make whole a class of aggrieved female job applicants by providing appropriate back pay with prejudgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

      E.      Order Defendant to make whole Ms. Webb by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      F.      Order Defendant to make whole a class of aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      G.      Order Defendant to make whole Ms. Webb by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      H.      Order Defendant to make whole a class of aggrieved female job applicants and aggrieved female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      I.      Order Defendant to pay Ms. Webb punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

      J.      Order Defendant to pay a class of aggrieved female job applicants and aggrieved female employees punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

      K.      Grant such further relief as the Court deems necessary and proper in the public

interest.

    L.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    GWENDOLYN YOUNG REAMS
    ACTING GENERAL COUNSEL
    WASHINGTON, D.C.

    CHRISTOPHER LAGE
    DEPUTY GENERAL COUNSEL
    WASHINGTON, D.C.

    KENNETH L. BIRD,
    Regional Attorney
    Indianapolis, Indiana

    NANCY DEAN EDMONDS,
    Assistant Regional Attorney
    Indianapolis, Indiana

    <u>s/ Aimee L. McFerren</u>
    Aimee L. McFerren
    600 Dr. Martin Luther King, Jr., Place
    Suite 268
    Louisville, Kentucky 40202
    (502) 694-3837 (Direct)
    (502) 582-5435 (Facsimile)
    Email: aimee.mcferren@eeoc.gov

    Attorneys for Plaintiff