IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH O. LESTER COMPANY, INC. d/b/a PFG CUSTOMIZED DISTRIBUTION – INDIANA, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:22-cv-329-HAB-SLC |

**AMENDED JOINT MOTION TO ENTER CONSENT DECREE**

Plaintiff, Equal Employment Opportunity Commission, and Defendant Kenneth O. Lester Company, Inc. d/b/a PFG Customized Distribution – Indiana, jointly move this Court to approve and enter in this lawsuit the Consent Decree that is attached as Exhibit A. In support of this motion, the parties jointly represent to this Court the following:

1. The parties wish to resolve the issues raised by Plaintiff, Equal Employment Opportunity Commission in its Complaint in Civil Action No. 1:22-cv-329 without the burden, expense and delay of further litigation.

2. The parties waive trial, briefs, arguments, findings of fact and conclusions of law on those issues resolved through this Consent Decree.

3. The policies of Title VII of the Civil Rights Act of 1964 will be effectuated by entry of the attached Consent Decree.

4. The parties agree that this Consent Decree is intended to and does resolve the issues raised in the Complaint filed in Civil Action No. 1:22-cv-329.

5. The parties respectfully assert that this Consent Decree is an appropriate commitment of the Court's limited resources because it contains mechanisms for dispute resolution which will reduce the likelihood of the need for Court enforcement. *See Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987) (before entering consent decree, court must be satisfied that the consent decree "is an appropriate commitment of the court's limited resources").

6. After entering the Consent Decree, the Court may order this cause dismissed without prejudice in accordance with the terms of the Decree, or administratively close this case, subject to reopening for good cause. However, the parties respectfully request that the Court retain jurisdiction of this action throughout the duration of the Decree for purposes of monitoring compliance with and, if necessary, to enforce the Decree.

7. The Court's continuing jurisdiction is necessary and promotes judicial economy because, if Court enforcement becomes necessary, the Consent Decree will "channel litigation concerning [its] validity and implications . . . into a single forum—the court that entered the decree—thus avoiding the waste of resources and the risk of inconsistent or conflicting obligations." *Local No. 93, Int'l Assoc.*, 478 U.S. 501, 524, n13. (1986); *see also Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1299 (11th Cir. 2001) (district court's assertion that plaintiffs should seek relief from consent decree by bringing a new lawsuit would "require the parties and the courts to waste judicial resources re-litigating issues which have been dealt with [and] it would also deny the plaintiffs the benefit of the bargain which was reached in the original consent decree and which defendants obliged themselves to provide"); *United States v. City of Northlake, Ill.*, 942 F.2d 1164, 1168 (7th Cir. 1991) ("the purpose of a consent decree in the first instance [is] to avoid protracted litigation by entering into a court-supervised agreement

that resolves the dispute to the satisfaction of all parties concerned and guarantees the viability of the agreement under the watchful eye of the judge whose signature appears at the end of the document.").

8. Wherefore, the parties jointly request that this Court approve the attached Consent Decree in this lawsuit.

May 18, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Aimee L. McFerren* <br> Aimee L. McFerren <br> Equal Employment Opportunity Commission <br> Louisville Area Office <br> 600 Dr. Martin Luther King, Jr., Pl., Ste. 268 <br> Louisville, KY 40202 <br> (502) 582-6308 (Direct) <br> (502) 582-5435 (Facsimile) <br> aimee.mcferren@eeoc.gov <br><br> Attorney for Plaintiff | *s/ Jane M. McFetridge* by permission ALM <br> Jane M. McFetridge <br> Jackson Lewis PC <br> 150 N. Michigan Ave., Ste. 2500 <br> Chicago, IL 60601 <br> (312) 787-4949 (Direct) <br> (312) 787-4995 (Facsimile) <br> jane.mcfetridge@jacksonlewis.com <br><br> Attorney for Defendant |