IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-329 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH O. LESTER COMPANY, INC. d/b/a PFG CUSTOMIZED DISTRIBUTION – INDIANA, | ) ) ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT DECREE

This cause of action was initiated on September 27, 2022, by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States Government, alleging that Defendant Kenneth O. Lester Company, Inc., d/b/a PFG Customized Distribution – Indiana ("PFGCD") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.

Specifically, the EEOC alleged that PFGCD has engaged, and continues to engage, in a pattern or practice of discrimination in hiring and job assignments because of sex (female) in violation of Title VII at its Kendallville, Indiana facility. PFGCD denied those allegations.

The parties desire to settle this action amicably and stipulate to the entry of this Consent Decree as final and binding between them. As used herein, "PFGCD" shall mean Kenneth O. Lester Company, Inc. d/b/a PFG Customized Distribution – Indiana, as well as any of its, successors, assigns, subsidiaries and affiliates, and their successors and assigns.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

2. This Consent Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

3. The Court, having examined the terms of this Consent Decree, finds it is reasonable, just, and in accordance with Title VII.

4. The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, those for whom the EEOC seeks relief, and the public.

## I.     GENERAL PROVISIONS AND DEFINITIONS

5. "Applicant Class Member" shall mean an individual who self-identifies as female who submitted at least one employment application for an Order Selector position at PFGCD's Kendallville, Indiana facility between February 1, 2018 and April 30, 2020, and who did not receive an offer of employment.

6. "Employee Class Member" shall mean an individual who self-identifies as female who was employed as an Order Selector at PFGCD's Kendallville, Indiana facility between February 1, 2018 and April 30, 2020 who requested to perform order selecting in a section of the facility other than, or in addition to, the small wares section but was denied the opportunity to do so, or who was deterred from making such a request.

7. "Eligible Claimant" shall mean either an Applicant Class Member or an Employee Class Member, as defined under this Consent Decree ("Decree"), eligible to obtain monetary relief and, as to Applicant Class Members, preferential hiring, pursuant to this Decree.

8. "Claims Administrator" shall mean the agent, company, or individual retained to carry out the functions necessary to administer and distribute the Class Settlement Fund.

9. "Effective Date" shall mean the date the Decree is docketed by the Clerk of Court after it is signed and/or receives approval from the Court.

10. The Decree resolves all matters raised in Civil Action Number 1:22-cv-329 and EEOC Charge 470-2018-04131. The Decree does not resolve any other charge of discrimination that is currently pending before the EEOC or any other litigation against PFGCD.

11. Nothing in this Decree shall be deemed to create any rights on the part of non-parties to enforce this Decree. The right to seek enforcement of this Decree is vested exclusively in the EEOC. Nothing in this Decree or its enforcement shall be construed to abridge any party's rights under the Local Rules of this Court or the Federal Rules of Civil Procedure.

## II.    SCOPE AND DURATION

12. The provisions contained herein are effective immediately upon the date the Decree is docketed by the Clerk of Court after it is signed and/or receives approval from the Court.

13. The duration of the Decree shall be three (3) years from the Effective Date, unless there is an open dispute under paragraphs 87-88, in which case the duration of the Decree shall be extended until the dispute is resolved.

14. The Decree shall apply to PFGCD's Kendallville, Indiana facility.

### III.     AFFIRMATIVE RELIEF

**Injunctive Relief**

15.     During the term of this Consent Decree, PFGCD, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in any employment practice that discriminates based on sex in recruiting female applicants for employment at PFGCD's Kendallville, IN facility.

16.     During the term of this Consent Decree, PFGCD, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from failing to hire female applicants as Order Selectors because of sex.

17.     During the term of this Consent Decree, PFGCD, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from assigning females to Order Selector positions based on sex.

18.     During the term of this Consent Decree, PFGCD, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in retaliation against any person because of such person's opposition to any practice made unlawful under Title VII.

19.     During the term of this Consent Decree, PFGCD, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall not retaliate against a person because such person brings an internal complaint of discrimination against the Defendant; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of

employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.

**Recruiting**

20.     PFGCD shall engage in good faith efforts to provide equal employment opportunity in its Order Selector workforce by conducting affirmative recruitment activities towards female applicants. In pursuit of this endeavor, PFGCD shall engage in the following activities:

> a.     Employ full-time recruiters who as part of their responsibilities are charged with promoting equal employment opportunities for female applicants for Order Selector; and
>
> b.     Feature females on its marketing and advertising materials pertaining to Order Selector positions.

**Hiring Procedures**

21.      Within thirty (30) days of the Effective Date, PFGCD shall have in place for all Order Selector positions, a written, predetermined hiring procedure to ensure that applicants are evaluated objectively based upon their interest in open Order Selector positions and not sex.

22.     Within thirty (30) days of the Effective Date, PFGCD shall have in place written, objective hiring criteria which expressly prohibit hiring decisions based on sex. PFGCD shall provide the EEOC with a copy of the objective criteria for Order Selector. To the extent the objective criteria change from time to time, PFGCD shall provide those objective criteria to EEOC as well.

**Preferential Hiring**

23.     Based on the questionnaire responses received from potential Eligible Claimants, the Claims Administrator shall supply to PFGCD and the EEOC a list of Eligible Claimants,

including name and contact information, who indicate an interest in preferential hiring for the Order Selector position at PFGCD's Kendallville, Indiana facility (the "Preferential Hiring List"). *See* paragraph 47.

24.     For every opening for the position of Order Selector at the Kendallville, Indiana facility that PFGCD seeks to fill after it receives the Preferential Hiring List and during the duration of the Decree, PFGCD will offer the job to an individual on the Preferential Hiring List, until the list is exhausted pursuant to the process described in Paragraphs 25 and 27, or the term of this Consent Decree expires.  Before the offer is extended, each individual on the Preferential Hiring List will be required to submit a new application, provide required pre-employment documentation, and meet the minimum job qualifications for the selector position. PFGCD may not subject the female Eligible Claimants interested in employment to a different application process or require that they submit additional or different application materials than that required of all other selector applicants.

25.     If an individual on the Preferential Hiring List rejects the offer, PFGCD will offer the job to another person from the Preferential Hiring List before offering the job to someone who is not on the Preferential Hiring List. Any person on the Preferential Hiring List who rejects a position offered to her shall be removed from the Preferential Hiring List and PFGCD shall have no obligation in the future to offer her a position in accordance with this paragraph.

26.     Any person on the Preferential Hiring List who is offered a job shall be treated in the same way as all people offered employment for Order Selector, and PFGCD may not subject any individual on the Preferential Hiring List to any post-offer processes or procedures different from those that were in place on the date the individual initially applied to PFGCD.

27.     PFGCD will continue to hire in accordance with this section until the expiration of the term of this Decree or until all individuals on the Preferential Hiring List have been offered a position, whichever occurs sooner.

28.     All Eligible Claimants on the Preferential Hiring List are entitled to monetary relief from the QSF as described in this Decree, regardless of whether they are interested in employment with PFGCD or receive a future job offer by PFGCD.

## IV.     MONETARY RELIEF

**Charging Party Relief**

29.     Within ten (10) days of the Effective Date or receipt of a completed W-4 (whichever is later), PFGCD agrees to pay Shakeitra Webb total monetary relief in the amount of $39,971.92, divided and paid as follows:

> a.     One check for $19,971.92 in back pay losses; and
>
> b.     One check for $20,000.00 in non-wage damages.

30.     PFGCD shall not deduct from the wage amount its share of any taxes, Social Security, or Medicare contributions. PFGCD shall deduct only Ms. Webb's share of taxes, Social Security and Medicare contributions from the wage amount. PFGCD shall issue IRS Form W2 to Ms. Webb for the amount of damages deemed wages.

31.     PFGCD shall not make any withholding deductions from the compensatory damages amount. PFGCD shall issue an IRS Form 1099 to Ms. Webb for the amount of damages deemed compensatory damages.

32.     PFGCD shall make these payments by sending two checks, via certified mail, return receipt requested, and payable to Shakeitra Webb, to the address which the EEOC shall supply. Copies of the checks shall be mailed concurrently to the EEOC's Regional Attorney for

the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204, and emailed to monitoring-EEOC-INDO@eeoc.gov.

**Eligible Claimant Relief**

33.     PFGCD shall pay a total of $670,000.00 into a Qualified Settlement Fund ("QSF") as part of the resolution of this litigation. The money paid into the QSF shall constitute damages to Eligible Claimants as follows:

a.     $530,000 shall constitute wages, payable to Applicant Class Members who are determined by the EEOC to be Eligible Claimants;

b.     $120,000 shall constitute non-wage damages, payable to Applicant Class Members who are determined by the EEOC to be Eligible Claimants; and

c.     $20,000.00 shall constitute non-wage damages, payable to Employee Class Members who are determined by the EEOC to be Eligible Claimants.

34.     Rust Consulting shall act as the Claims Administrator of the QSF (the "Claims Administrator").

35.     PFGCD shall pay the Claims Administrator all fees and costs associated with administering and disbursing the settlement fund. Such payment(s) shall not come from the funds in the QSF.

36.     Within thirty (30) days of the Effective Date, the Claims Administrator shall establish a QSF. The account shall be a high-yield, interest-bearing account and all interest earned on the settlement fund shall accrue to the settlement fund.

37.     The Claims Administrator shall promptly notify the parties when the QSF is established and ready for deposit.

38.     Within thirty (30) days upon receiving notice that the QSF is established and ready for deposit, PFGCD shall direct the wire transfer to the QSF.

39.     The Claims Administrator's duties shall include the following:

a.     Mail EEOC-approved notice and questionnaire to potential Eligible Claimants;

b.     Receive and process undeliverable mail;

c.     Perform skip-tracing on undeliverable mail without forwarding address and re-mail;

d.     Mail reminder postcards to potential Eligible Claimants who received notice but did not return a questionnaire;

e.     Receive and process questionnaires;

f.     Mail deficiency letters and process responses;

g.     Print and mail award notice and tax forms;

h.     Receive and process returned tax forms;

i.     Distribute checks with W2s/1099s;

j.     Pay the employer's share of FICA and other employer taxes from funds provided by PFGCD, and issue appropriate tax forms to Eligible Claimants;

k.     Maintain toll-free number with live operators;

l.     Receive and respond to email communication from Eligible Claimants and perform other tasks as it or the EEOC may deem necessary to facilitate the claims process.

**V.  CLAIMS PROCESS**

40.     Award criteria and all initial and secondary distributions, if any, of monetary relief from the QSF to and among Eligible Claimants and the Charging Party will be determined at the sole discretion of the EEOC, subject to the terms of this Decree. PFGCD shall have no role in determining whether someone is an Eligible Claimant or amounts payable to such individuals, and PFGCD shall not object to the EEOC's determinations.

9

41.     Within sixty (60) days of receiving notice from the Claims Administrator that PFGCD has completed its wire transfer to the QSF, the EEOC shall provide the Claims Administrator two Excel spreadsheets:

a.      One spreadsheet listing all potential Applicant Class Members, including name, last known mailing address and, if available, telephone number(s), and email address; and

b.      One spreadsheet listing all potential Employee Class Members, including name, last known mailing address and, if available, telephone number(s) and email address.

42.     Within sixty (60) days of receipt of the spreadsheets described in paragraph 41 from the EEOC, the Claims Administrator shall send to each potential Applicant Class Member and potential Employee Class Member via first class mail and email, if available, the following:

a.      A notice informing them of the settlement and providing information about submitting a claim on the settlement fund, attached as Exhibit B;

b.      A questionnaire to be returned to the Claims Administrator, attached as Exhibit C; and

c.      A return envelope.

The Claims Administrator shall work with the EEOC to develop the notice and questionnaire.

43.     Applicant Class Members and Employee Class Members shall have ninety (90) days from date of mailing to return a completed questionnaire to the Claims Administrator.

44.     To provide the best notice practicable, before any mailing to such individuals, the Claims Administrator shall run the list of potential Eligible Claimants through the United States Postal Service's National Change of Address database ("NCOA").

45.     The Claims Administrator shall make diligent efforts to provide notice of the settlement to any individual whose notice is returned as undeliverable, including the use of skip

trace resources, the NCOA database, and additional mailing, to locate individuals and provide notice.

46.     The Claims Administrator shall periodically update the two spreadsheets described in paragraph 41 with the most current contact information available.

47.     Within thirty (30) days of the time that the Claims Administrator has exhausted efforts to locate potential Eligible Claimants, the Claims Administrator shall provide a copy of the revised Excel spreadsheets to the EEOC which identifies all potential Eligible Claimants who have been located and timely returned a completed questionnaire indicating an interest in participating in the settlement and/or being added to the Preferential Hiring List.

48.     The EEOC shall determine the proposed amount to be paid to each potential Eligible Claimant. The EEOC shall provide this information to the Claims Administrator in the form of a Distribution List in Excel format that notes the proposed amount to be distributed to each potential Eligible Claimant.

49.     Within thirty (30) days of receiving this Distribution List, the Claims Administrator shall notify each potential Eligible Claimant via first class mail of the proposed amount of her payment. Along with the notice of proposed award, the Claims Administrator shall mail to each potential Eligible Claimant a copy of a release (attached as Exhibit D) with the Eligible Claimant's proposed award, all applicable tax forms, and a return envelope.

50.     Amounts payable for wage and non-wage compensation to each potential Eligible Claimant who is an Applicant Class Member shall be evenly apportioned on a pro rata basis across the class. Amounts treated as wages shall be reported on an IRS Form W-2, while amounts treated as non-wage compensation shall be reported on an IRS Form 1099. Amounts payable to each potential Eligible Claimant who is an Employee Class Member shall be evenly

apportioned on a pro rata basis across the class and treated as non-wage compensation (and reported on an IRS Form 1099).

51.     Within thirty (30) days of the EEOC providing the Claims Administrator the Distribution List, the Claims Administrator shall notify PFGCD of its estimated amount of applicable taxes (e.g., FICA).

52.     Potential Eligible Claimants shall have sixty (60) days to return a signed copy of a release and completed tax form to the Claims Administrator. The Claims Administrator shall engage with any Eligible Claimant who timely responded but returned a deficient tax form or failed to provide a signed release and provide an additional thirty (30) days from date of notification that the tax form was deficient or missing release to properly complete and return such forms or releases. The Claims Administrator shall consult with the EEOC regarding any additional exception(s) to the untimely receipt of the required form(s) and prior to making any final determination that a received document is in any way deficient, and/or that an individual is ineligible to participate in the settlement fund. No claimant will receive payment unless a signed release and completed tax form have been received.

53.     The Claims Administrator shall notify individuals deemed ineligible to participate in the settlement fund that their claims are untimely or otherwise deficient and that they shall not receive a monetary award.

54.     Within thirty (30) days after the last deadline in paragraph 52, the Claims Administrator shall create an Excel list of all Eligible Claimants who timely and properly responded and provide the Excel list and a copy of all signed releases to the EEOC and PFGCD. The Claims Administrator shall also, if necessary, re-calculate PFGCD's amount of applicable taxes (e.g., FICA) to be paid to the QSF and notify PFGCD of its amount of applicable taxes.

55.     Within thirty (30) days of receipt of the information noted in paragraph 54 from the Claims Administrator, PFGCD will wire transfer its amount of applicable taxes (e.g., FICA) for deposit into the QSF.

56.     Within ten (10) days of PFGCD wire transferring its amount of applicable taxes (e.g., FICA) into the QSF, the Claims Administrator shall issue to each individual on the updated Distribution List an award check.

57.     Each check will remain valid for one hundred twenty (120) days. To the extent any check may need to be reissued, the EEOC will so notify the Claims Administrator.

58.     Monetary payments shall be made on behalf of deceased Eligible Claimants through representatives of their estate or next of kin if the Claims Administrator determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided, along with the other documentation required as a condition for payment. Any sums paid to a deceased Class Member shall be made payable to the estate of the deceased Class Member.

59.     Checks and notices shall be sent via first class mail, in the amounts designated by the EEOC. Copies of this correspondence shall simultaneously be provided to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204. A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov.

60.     The Claims Administrator shall promptly notify the EEOC of any checks that are returned or are not cashed after a period of one-hundred eighty (180) days have elapsed from the date on which the settlement checks were mailed. If any checks are returned as undeliverable, the

Claims Administrator will attempt to find an updated address. If an updated address can be found, the check shall be re-mailed.

61.     On a quarterly basis until the funds are fully distributed, the Claims Administrator shall notify the EEOC and PFGCD of any remaining amount available in the settlement fund. If there are any unallocated funds remaining in the settlement fund after all reasonable efforts have been made to locate Eligible Claimants as set forth in Paragraph 60, the Claims Administrator, upon direction from the EEOC, shall issue a second distribution to the Eligible Claimants and Charging Party, Shakeitra Webb, who received initial payments in the pro rata amounts of any undistributed amount of the settlement fund. Checks shall be sent via first class mail and copies of these checks shall simultaneously be provided to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204, and emailed to monitoring-EEOC-INDO@eeoc.gov. Each check will remain valid for one hundred twenty (120) days. To the extent any check may need to be reissued, the EEOC will so notify the Claims Administrator.

62.     If there are any unallocated funds remaining in the QSF after all reasonable efforts have been made to issue a second distribution, the Claims Administrator shall distribute the remaining balance of the QSF to Crossroads United Way, 401 E. Diamond Street, Room 312, Kendallville, Indiana 46755.

63.     The Claims Administrator shall be responsible for preparing and filing all appropriate tax filings and reports, including, but not necessarily limited to, W-2 and/or 1099 forms for all Eligible Claimants for their payments from the settlement fund, as well as any required for the settlement fund. The Claims Administrator shall be responsible for reporting and remitting to the appropriate taxing authorities the employer's share of taxes or contributions

14

required to be paid by PFGCD in a timely manner after receipt of the amount due for those payments from PFGCD.

## VI. NOTIFICATION

64.     Within thirty (30) days after the Effective Date of this Decree, and for the duration of the Decree, PFGCD shall conspicuously post a copy of the attached Notice in a location at the Kendallville, Indiana facility where all other employment-related notices are posted. The Notice is attached to this Decree as Exhibit A. If the Notice becomes defaced, missing, or illegible, PFGCD will promptly replace it with a clean copy.

## VII.   TRAINING

65.     Within sixty (60) days of the Effective Date, PFGCD shall provide a minimum of two (2) hours of non-discrimination training to all recruiters, managers, supervisors and human resource personnel involved in the recruitment, screening, selection, and/or hiring of applicants for Order Selector positions at PFGCD's Kendallville, Indiana facility. The training shall cover ensuring that recruiting and hiring of Order Selectors is done without discrimination on the basis of sex and providing clear and accurate information about Order Selector job requirements and qualifications. Additionally, PFGCD shall provide training participants with a summary of this Decree and shall inform training participants that any breach of, or failure to comply with, the terms and conditions set forth in this Decree shall subject them to dismissal or other appropriate disciplinary action.

66.     Should PFGCD hire any individual with responsibility for recruiting, hiring, or supervising Order Selectors, or reassigns a current employee to such responsibilities, within thirty (30) days of the day of the individual's date of hire or re-assignment, PFGCD shall provide a summary of this Decree and the training described in paragraph 65 to that individual.

15

67.     Annually, for the duration of the Decree, PFGCD shall provide a minimum of one (1) hour training on what constitutes an unlawful employment practice under Title VII to all recruiters, managers, supervisors and human resource personnel involved in the recruitment, screening, selection, and/or hiring of applicants for Order Selector positions at PFGCD's Kendallville, Indiana facility. At a minimum, the training shall cover:

    a.     Title VII's prohibitions against sex discrimination;

    b.     Ensuring that recruiting and hiring is done without discrimination on the basis of sex; and

    c.     Proper handling of complaints of sex discrimination from applicants and employees.

### VIII.   COMPLAINTS CONCERNING SEX DISCRIMINATION

68.     For the Duration of the Decree, PFGCD shall maintain a centralized written or electronic record of any and all complaints to its recruiters, managers, supervisors or human resources personnel regarding sex discrimination related to Order Selector hiring or assignments at the Kendallville, Indiana facility. This record shall contain for each complaint, to the extent provided to PFGCD by the complainant:

    a.     The name of the individual making the complaint;

    b.     The individual's contact information;

    c.     The individual's relationship to PFGCD (e.g., applicant);

    d.     The date on which the complaint was made;

    e.     The location where the complained-of conduct occurred;

    f.     A summary of the complaint (including the identify of all individuals involved);

    g.     The name and title of the employee receiving the complaint;

    h.     A summary of any investigation undertaken by PFGCD into the complaint; and

16

i.      A summary of the outcome of the complaint.

69.     For the Duration of the Decree, PFGCD shall retain any documents created as part of PFGCD's receipt, investigation, and/or resolution of all such complaints concerning sex discrimination.

## IX.     RECORDKEEPING

70.     PFGCD shall maintain all applications and employment records as required by Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14. Furthermore, PFGCD will retain, throughout the Duration of this Decree, all  successful and unsuccessful application records for Order Selector positions at its Kendallville, Indiana facility including, but not limited to, electronic application  records, all applicant submissions such as resumes, applicant flow logs, recruiter records, records of application reviews, interview records or notes, all documents relied upon by decision makers in selecting applicants from recruitment to final selection for hire, and all job offers and hires for Order Selector positions.

71.     PFGCD shall maintain copies of all job postings concerning any Order Selector positions at the Kendallville, Indiana facility for the duration of this Decree.

72.     For the duration of the Decree, PFGCD shall retain any documents created as part of PFGCD's receipt, investigation, and/or resolution of all such complaints concerning sex discrimination, as described in paragraph 68.

## X.     MONITORING AND SEMI-ANNUAL REPORTING

73.     PFGCD shall submit to the EEOC as to each Eligible Claimant offered an Order Selector job pursuant to the Preferential Hiring List for the previous six-month period, the following information (the report will be submitted to EEOC within 30 days after the end of the six-month period for the duration of the Decree):

a.	Name;

b.	Contact information (including telephone number and email address, if available);

c.	Position offered, if any;

d.	Date of offer, if any;

e.	Whether or not the offer was accepted;

f.	If the offer was accepted, start date;

g.	If the offer was accepted, starting rate of pay;

h.	Current status, and if separated, reason for separation.

74.	PFGCD shall submit to the EEOC an electronic database containing for each Order Selector requisition closed within the each six (6) month period for the duration of the decree, the following information for each applicant (the report shall be submitted within 30 days of the end of the six-month period), to the extent the information is reasonably available to PFGCD:

a.	Name;

b.	Sex;

c.	Contact information (including telephone number and email address, if available);

d.	Position applied for;

e.	The requisition number to which the application was submitted;

f.	The date the application was submitted;

g.	Whether the application was viewed;

h.	Whether offered interview;

i.	Whether applicant failed to respond to request for interview;

j.	Whether applicant withdrew from the application process;

18

k.      If interviewed, date of interview;

l.      Position offered, if applicable;

m.      Date of offer, if applicable;

n.      Whether a job offer was accepted or rejected;

o.      Hire date, if applicable;

p.      Starting rate of pay;

q.      If not given a job offer, reason for rejection.

The database shall also include, for any Order Selector hired and terminated during the six (6)

month reporting period, the date of termination and the reason for the termination.

75.      For every six-month period, throughout the duration of the Decree, PFGCD shall

submit to the EEOC the following (the report shall be submitted within 30 days of the end of the

six-month period):

a.      A description of changes, if any, made during the reporting period to PFGCD's
        application, interviewing, and hiring procedures, job descriptions, or hiring
        criteria;

b.      A description of its efforts to recruit female applicants for Order Selector
        positions;

c.      A summary of all sex discrimination complaints, if any, processed pursuant to
        paragraph 68 of this Decree. Upon written request by the EEOC, PFGCD shall
        produce records concerning the persons required to be identified pursuant to
        paragraph 68;

d.      Certification that the notice remains posted as required by paragraph 64. If the
        location of posting or method or manner in which PFGCD has complied with
        paragraph 64 has changed during the reporting period, PFGCD shall describe
        those changes;

e.      Verification that all training required under this Decree in the previous six (6)
        months, if any, has occurred, as well as the names and job titles of all training
        recipients, copies of any written materials from the trainings, and the name, job
        title, and resume of the trainer(s). PFGCD may inquire about the Agency's fee-

19

based training by contacting Mr. Brien Shoemaker, Outreach and Education Coordinator at (463) 999-1132.

76.     PFGCD's final Semi-Annual Report shall be due thirty (30) days before the expiration of the Decree and will cover the first four months of the final six-month period.

77.     The reports shall be submitted to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204. A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov.

78.     The EEOC shall have the right to request additional data from PFGCD, so long as the information sought is necessary and consistent with the monitoring of the Decree. PFGCD shall comply with a request for additional data within forty-five (45) days of the request. Any disputes regarding the propriety of any request for additional data shall be resolved by the Court as provided in paragraphs 84-88 regarding dispute resolution.

## XI.     MISCELLANEOUS

79.     The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

Name: Jeb Eakin

Physical Address: Performance Food Group, Inc., 12500 West Creek Parkway, Richmond, Virginia 23238.

80.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

81.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

82.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

83.    The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

84.    Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

85.    PFGCD shall provide prior written notice to any potential purchaser of its business, or any part thereof, or a purchaser of all of PFGCD's assets, and to any other potential successor, of EEOC's Complaint, and the existence and contents of the Decree.

86.    The Court retains jurisdiction over this action for purposes of enforcement during the Duration of this Decree and will have available powers to enforce the Decree, including but not limited to monetary sanctions, injunctive relief, determination of successor liability, and extension of the term of the Decree. The matter may be administratively closed but will not be dismissed during the Duration of this Decree.

87.    The EEOC may petition the Court to enforce the terms of this Consent Decree as to any alleged breach after having notified PFGCD in writing not less than thirty (30) days before the expiration of this Consent Decree and after allowing PFGCD at least thirty (30) days in which to make a good-faith attempt to cure the alleged breach.

88.    If the parties cannot resolve their dispute in good faith, the EEOC may file a motion with the Court seeking remedies for the alleged non-compliance and for PFGCD to show cause why it should not be found in contempt.

**IT IS SO ORDERED, ADJUDGED, AND DECREED**.

Dated: _____

_____
U.S. District Judge

Copies to:

Kenneth L. Bird
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio Street
Suite 1900
Indianapolis, IN 46204
Telephone: (463) 999-1163
E-mail: kenneth.bird@eeoc.gov

Aimee L. McFerren
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King, Jr. Pl.,
Suite 268
Louisville, KY 40202
Telephone: (502) 582-6308
E-mail: aimee.mcferren@eeoc.gov

Jane M McFetridge
Jackson Lewis PC - Chi/IL
150 N. Michigan Ave.
Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
E-mail: jane.mcfetridge@jacksonlewis.com

EXHIBIT A

EMPLOYEE NOTICE

**This notice to all employees of PFG Customized Distribution (PFGCD) is being posted and provided as part of a Consent Decree resolving a lawsuit under Title VII of the Civil Rights Act of 1964, between PFGCD and the United States Equal Employment Opportunity Commission (EEOC).**

EEOC alleged that PFGCD violated Federal law by using sex-based criteria for Order Selector hiring, denying female applicants employment opportunities at the Kendallville, Indiana facility. The EEOC further alleged that PFGCD discriminatorily assigned female Order Selectors to work duties in the small-wares section of the Kendallville, IN facility, because of their sex. PFGCD denied those allegations.

As part of the resolution of this lawsuit, PFGCD has agreed to not use any sex-based criteria as part of its hiring process for Order Selectors and its work assignment of Order Selectors at the Kendallville, IN facility.

Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, race, national origin, color, religion, age, genetic information, or disability. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

PFGCD shall comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with EEOC or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act.

The Equal Employment Opportunity Commission maintains offices throughout the United States. EEOC can be reached at (800) 669-4000 or, for the hearing impaired, at (800) 669-6820 (TTY) or via e-mail at info@eeoc.gov. The EEOC is a federal law- enforcement agency and charges no fees to receive and investigate complaints. Additional information about EEOC is available at www.eeoc.gov, including how to file a charge online.

SIGNED this _____day of , 202_.

_____
PFGCD Official

**EXHIBIT B**

**NOTICE OF SETTLEMENT TO**

**FEMALE APPLICANTS FOR ORDER SELECTOR POSITIONS**

**AT PFGCD WAREHOUSE IN KENDALLVILLE, IN**

**WHO WERE NOT HIRED AND**

**FEMALES HIRED AND ASSIGNED TO SMALLWARES**

The United States Equal Employment Opportunity Commission (EEOC) is a government agency responsible for enforcing the federal laws against employment discrimination. The EEOC The EEOC filed a lawsuit against Kenneth O. Lester Company, Inc., d/b/a Performance Food Group Customized Distribution – Indiana (PFGCD) alleging that PFGCD discriminated against females in hiring and job assignments for Order Selector positions at its Kendallville, Indiana facility. The parties have settled the lawsuit.

Female applicants who applied for an Order Selector job at the Kendallville facility may be eligible for a monetary payment, as well as consideration for an Order Selector job, if they are interested. Females who were hired as Order Selectors and assigned to the small wares section of the facility may be eligible for a monetary payment.

You are receiving this notice because you have been identified as female and between February 1, 2018, and April 30, 2020, you either:

1.) submitted at least one employment application for an Order Selector job at the Kendallville facility and you did not receive a job offer; or

2.) were employed as an Order Selector at the Kendallville facility and requested to perform order selecting in a section of the facility other than, or in addition to, the small wares section but were denied the opportunity to do so, or you were deterred from making such a request.

If you wish to be considered for a monetary award from the settlement fund in this case, and/or a job offer, you must first answer the attached eligibility questionnaire.

IF YOU DO NOT RETURN A COMPLETED QUESTIONNAIRE, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT FUND.

You may return the questionnaire by e-mail or mail to:

[insert claims administrator address and e-mail]

If you have any questions, you may call [insert claims administrator 800#].

The deadline for submitting the questionnaire is: [insert date]. If you mail it, the questionnaire must be postmarked by that date. Please be advised that your failure to completely furnish the information requested and return it by the date specified may result in the rejection of your claim.

If you return the completed questionnaire on time and are determined to be an eligible claimant, you will receive additional correspondence from us in the near future, including a notice of proposed award.

Sincerely,

[insert claims administrator signature block]

## **EXHIBIT C**

## **ELIGIBILITY QUESTIONNAIRE**

*EEOC v. Kenneth O. Lester Company, Inc., d/b/a PFG Customized Distribution – Indiana* (Civil Action No. 1:22-cv-329) (U.S. District Court for Northern District of Indiana, Fort Wayne Division)

**Please answer the following eligibility questions by circling either YES or NO:**

1. I am female. **YES / NO**

2. I applied at least once between February 1, 2018, and April 30, 2020, for an Order Selector job at the PFGCD facility in Kendallville and I did not receive a job offer. **YES / NO**

3. I am interested in obtaining a job as an Order Selector at PFGCD's Kendallville facility. **YES / NO**

4. I was employed as an Order Selector at the Kendallville facility and requested to perform order selecting in a section of the facility other than, or in addition to, the small wares section but were denied the opportunity to do so, or I was deterred from making such a request. **YES / NO**

**Please provide the following:**

Date: _____

Signature: _____

Print Name: _____

Print Address: _____

26

Print E-mail: _____


**Return this questionnaire by [date] to:**

[insert claims administrator address and email]


If you have any questions, please call [insert claims administrator 800#]